DECISION AND JUDGMENT ENTRY
This appeal comes to us from the Lucas County Court of Common Pleas. There, following a jury trial, appellant was convicted and sentenced for complicity to possess cocaine. Because we conclude that the trial court's supplemental instruction to the jury was erroneous, we reverse.
Appellant is Lisa Altomare. She and her boyfriend, Robert Manning, were caught in a Toledo Police sting operation. It involved the "reverse sale" of cocaine.
On July 30, 1998, Manning delivered $20,000 in cash to a police confidential informant in return for nearly a kilogram of powder cocaine. Appellant was not present for this exchange, but, when police stopped the pair, she was driving the car containing the drug. Manning was charged with possessing cocaine in an amount between five-hundred and one-thousand grams. Appellant was charged as an accomplice.
In her police interview following arrest and in her trial testimony, appellant vehemently denied knowing that Manning came to Toledo to buy cocaine. According to appellant, the two (both from Pittsburgh, Pennsylvania) had been seeing each other for about a year. Because Manning's driver's license had been suspended, appellant frequently drove him in her car on weekends to visit his son in Vermilion, Ohio.
Appellant conceded that on three or four prior occasions Manning had asked her to drive him to Toledo where he would meet with people while she waited in the car. In her police statement, appellant reported that Manning later told her that these meetings occurred so that he could purchase marijuana. Appellant testified that on July 30, Manning again asked her to drive to Toledo. At one point, while Manning drove, he asked appellant to count some money he had in a box. The amount was $20,000. According to appellant, Manning never told what the money was for.
The couple arrived in Toledo and rented a room in a motel. Manning then left appellant in the room. Calling sometime later, Manning asked appellant to meet him for dinner at an adjoining restaurant. Appellant testified that Manning did not appear at the restaurant for nearly an hour. When he did come to the restaurant, he was agitated and insisted they leave and return to Pittsburgh. Police stopped their car as appellant and Manning left the motel parking lot. The cocaine was recovered from its trunk.
Manning was charged with cocaine possession, appellant with being an accomplice. Both pled not guilty and moved to suppress the seized cocaine as being the product of an unlawful warrantless search. When the trial court denied the motion to suppress, Manning changed his plea to no contest and was found guilty as charged. Appellant maintained her not guilty plea and stood trial before a jury.
At trial, while appellant insisted that Manning never informed her that the purpose of the Toledo trip was to buy drugs, she, nevertheless, admitted that she suspected that the $20,000 was to buy marijuana. Never, appellant maintained, was she involved in or even suspected that Manning intended to make a cocaine buy.
At the conclusion of evidence, the trial court instructed the jury:
 "There are four elements that must be proved beyond a reasonable doubt before the defendant can be found guilty of complicity to commit possession of cocaine. They are that the defendant Lisa Altomare did, one, knowingly; two, aid or abet another; three, in committing the offense of possession of a controlled substance, namely cocaine and four venue.
 "* * * The defendant cannot be found guilty of complicity until the offense of possession of a controlled substance was actually committed. Therefore, you must find beyond a reasonable doubt that on or about the 30th of July, 1998 and in Lucas County, Ohio, Robert Manning knowingly possessed a controlled substance, that being cocaine or a compound mixture, preparation or substance containing cocaine.
"* * *
 "If you find that the State has proven beyond a reasonable doubt that Robert Manning committed the offense of possession of a controlled substance, namely cocaine, then you will continue with your deliberations to determine if the defendant knowingly aided or abetted Robert Manning in the commission of said offense.
 "Now the element of knowingly appears twice, and that is in the underlying offense of knowingly possessing and also in the offense of complicity charged against the defendant in that she had to knowingly aid or abet. The definition for knowingly for the complicity statute is as follows: to knowingly aid or abet the commission of the offense of possessing a controlled substance is an element of complicity. A person acts knowingly regardless of her purpose when she is aware that her conduct will probably be of a certain nature. A person has knowledge of circumstances when she is aware that such circumstances probably exist."
Shortly after the jury retired, it sent a question to the court. The jury asked, "Must she have knowledge of the specific controlled substance or is it just that she had knowledge that he possessed a controlled substance, i.e. does it matter that she thought he was buying marijuana and it ended up cocaine[?]"
Over appellant's objection, the court responded to the questions:
 "* * * the term knowingly modifies aid or abet, and the State is not required to prove that the defendant knew that the controlled substance was cocaine."
Shortly thereafter, the jury returned a guilty verdict. The trial court accepted the verdict and sentenced appellant to a three year term of incarceration.
From this judgment, appellant now brings this appeal, setting forth the following two assignments of error:
 "I. THE TRIAL COURT ERRED IN DENYING DEFENDANT ALTOMARE'S MOTION TO SUPPRESS.
 "II. THE TRIAL COURT ERRED IN ANSWERING THE JURY QUESTION DURING JURY DELIBERATIONS.
 I.
In her first assignment of error, appellant submits arguments identical to those raised and rejected by this court in the companion case, State v. Manning (July 28, 2000), Lucas App. No. L-99-1344, unreported. Accordingly, appellant's first assignment of error is not well-taken.
 II.
In her second assignment of error, appellant complains that the trial court's response to the jury question concerning the import of whether she believed the substance Manning bought was cocaine or marijuana was erroneous. The court responded, in essence, that it made no difference because, in the language of the complicity statute, the intent element, "knowingly," is an adverb which modifies "aid or abet." In so deciding, the court referred to its prior ruling on the state's motion in limine which was made before trial commenced.
In that motion in limine, the state, citing State v.Patterson (1982), 69 Ohio St.2d 445, 446, sought to exclude from the trial of both appellant and Manning a defensive strategy that a defendant could not be convicted of possessing cocaine unless the state proved that he or she actually knew that the controlled substance was cocaine. The Patterson court specifically noted that in R.C. 2925.03, the offense Patterson was accused of, the word "knowingly" was an adverb modifying the verb "offer." The structure of both R.C. 2925.03[1] and R.C. 2925.11[2], the offense Manning was accused of as a principal and appellant as an accomplice, are identical, the state argued. Therefore, the specific controlled substance here, as in Patterson, should not be an element of the offense.
The trial court sustained the limiting motion to the extent that appellant could specifically argue that the state must prove the type of controlled substance as an element of the offense. When the jury specifically asked whether appellant's knowledge of the specific drug involved made a difference, the court extended this logic to the complicity statute[3], concluding that the type of drug possessed was not significant because "knowingly" was an adverb modifying "aid or abet."
The issue before us is the type of intent an accomplice must have. In complicity, as the trial court noted in its instructions, this is somewhat complicated. R.C. 2923.03(F) provides that one guilty of complicity, "* * * shall be prosecuted and punished as if he were a principal offender." Complicity is proven if the defendant, with the same intent required for the principal offense, inter alia, aids or abets someone else in committing that offense. See fn. 3; State v. Coleman (1988),37 Ohio St.3d 286, paragraph two of the syllabus. Possession of a controlled substance requires that a person "knowingly" possess a controlled substance. Therefore, the mental state for an accomplice must also be "knowingly." One acts "knowingly" if he or she is aware that his conduct will probably cause a certain result or will probably be of a certain nature. R.C. 2901.22(B).
The cases cited in the state's motion in limine and relied upon by the trial court in its response to the jury question are not on point. State v. Patterson, supra, relates to the mental state necessary to commit the principal offense. The same is true of the other cases the state cited in support.[4]
Such cases are useful only to the extent that they employ grammatical devices to interpret a statute. That may be helpful in one instance, but not in another.
In our view, the complicity statute must be read in parimateria with the general interpretation statutes and the criminal code's own rule of construction. All statutes enacted by the legislature are presumed to intend a just and reasonable result, R.C. 1.47(C), and if a criminal statute is ambiguous it must be strictly construed against the state and liberally construed in favor of the defendant. R.C. 2901.04(A). In interpreting all statutes, we are directed to consider the object sought to be obtained by the statute and the consequences of a particular construction. R.C. 1.49(A),(E). Statutes will not be interpreted to obtain an absurd result. Ameigh v. Baycliffs Corp.
(1998), 81 Ohio St.3d 247, 258.
In this case, the trial court construed the intent element (knowingly) to be an adverb modifying the phrase "aid or abet." Such an interpretation obtains an absurd result because it, in effect, eliminates any criminal intent by an accused accomplice. If, for instance, appellant drove Robert Manning to Toledo because she believed he intended to buy Hungarian hot dogs, she would be knowingly aiding and abetting his trip to Toledo. Using the trial court's interpretation of the complicity statute, this would be sufficient intent to make her an accomplice if Manning changed his mind and instead chose to purchase a controlled substance. We know this is not correct because it is axiomatic that mere association with one who perpetrates a crime does not demonstrate complicity. State v. Cartellone (1981),3 Ohio App.3d 145, 150.
In our view, the same applies to gradations of criminal activity, as it does to all or nothing situations. The phrase in R.C. 2923.03(A), "* * * acting with the same culpability required for the commission of an offense * * *" must be read as possessing the same criminal intent as one who is the principal offender. In this case, that would mean not just knowingly possessing a controlled substance, but knowingly possessing cocaine. See Statev. Williams (1996), 117 Ohio App.3d 488, 493. For appellant and those in a similar position, the consequences are significant. Under R.C. 2925.11(C)(3)(c) possession of a quantity of marijuana slightly under a kilogram is a fifth degree felony, whereas possession of the same amount of cocaine is a first degree felony with mandatory prison time. Consequently, the trial court's supplemental instruction in response to the jury's question was in error. Since the question itself suggests that at least one juror considered this distinction important, we can only conclude that the submission of this erroneous instruction to the jury operated to appellant's prejudice.
Accordingly, appellant's second assignment of error is well-taken.
Upon consideration whereof, the judgment of the Lucas County Court of Common Pleas is reversed. This matter is remanded to said court for further proceedings consistent with this decision. Costs to appellee.
 ________________________ SHERCK, J.
 Melvin L. Resnick, J., James R. Sherck, J. Richard W. Knepper, P.J.
JUDGES CONCUR.
[1] "No person shall knowingly sell or offer for sale a controlled substance." R.C. 2925.03(A).
[2] "No person shall knowingly obtain, possess, or use a controlled substance." R.C. 2925.11(A).
[3] "No person acting with the kind of culpability required for the commission of an offense shall * * * aid or abet another in committing the offense * * *." R.C. 2923.03(A)(2).
[4] State v. Hendrickson (Sept. 3, 1986), Montgomery App. No. 9253, unreported, State v. Laudato (Mar. 28, 1991), Cuyahoga App. No. 58211, unreported, State v. Pulizzi (Jan. 15, 1997), Summit App. No. 17797, unreported, and State v. Hensley (Apr. 2, 1985), Montgomery App. No. 8518, unreported.